CV 14 - 00547

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANNE CHONG,

                                                                    **CIVIL ACTION**

                                    Plaintiffs,

            -against-                                               **Case No.:**

TARGET CORPORATION,

                                    Defendants.
-------------------------------------------------------------------X

KUNTZ, J.

**NOTICE FOR REMOVAL**

        Defendant, TARGET CORPORATION ("Target"), by its attorneys, FISHMAN MCINTYRE
LEVINE SAMANSKY P.C., respectfully petition the United States District Court, Eastern District of New
York, upon information and belief, as follows:

        1.      Plaintiff's Summons and Verified Complaint was first received by Target on December 19,
2013.

        2.      This case was commenced on December 2, 2013 in the Supreme Court of the State of New
York, County of Queens  The suit is identified in the Supreme Court as *ANNE CHONG v. TARGET
CORPORATION, Index Number 21917/2013.* A true copy of Plaintiff's Summons and Verified Complaint is
cumulatively annexed hereto as "**Exhibit A**".

        3.      The filing of this Notice for Removal is timely because it is filed within thirty (30) days of
the date Target first received notice of the lawsuit.

        4.      The Plaintiff's Complaint in the Supreme Court of the State of New York, County of Kings,
asserts monetary damages relating to personal injuries in a non-specified amount.  However, Plaintiff
specifically claims that as a result of the incident complained of therein, the Plaintiff was "severely injured
and damages, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish,
great physical pain and emotional upset, some of which injuries are permanent in nature and; and this plaintiff
suffered and in the future will be permanently caused to suffer pain, inconvenience and other sequelae of such
injuries; and the plaintiff incurred and in the future will necessarily incur future hospital and/or medical
expenses in an effort to be cured for said injuries ". (*See* "**Exhibit A**" hereto at para. 24.) As such, Target
believes that amount of controversy herein exceeds $75,000.00, exclusive of interest and costs.

        5.      The Plaintiff, as alleged in Summons and Verified Complaint annexed hereto as Exhibit A,

claims to be an individual citizen of the State of New York. (*See* Exhibit A, para. 1.)  Defendant, Target is a corporation of the State of Minnesota with its principal place of business in Minneapolis, Minnesota.  This action is therefore between a citizen of the State of New York on one hand, and a corporation of another state, Minnesota, on the other hand.

     **WHEREFORE,** Petitioner TARGET CORPORATION, Defendant in the action described herein now pending in the Supreme Court of the State of New York, County of Kings, under Index Number 13599/10, prays that this action be removed therefrom to this Honorable Court.

Dated: New York, New York
   January 17, 2014

          Yours etc.,

          MITCHELL B. LEVINE (ML 0998)
          FISHMAN MCINTYRE LEVINE SAMANSKY

P.C.

          Attorney for Defendant
          TARGET CORPORATION
          44 Wall Street, 12th Floor
          New York, New York  10005
          (212) 461-7190
          File No.:  TARN-74-ML

TO:  Akiya Ofshtein, Esq.
   Ofshtein Law Firm, P.C.
   Attorneys for Plaintiff(s)
   Anne Chong
   1723 East 12th Street, 4th Floor
   Brooklyn, New York 11229
   (718) 455-5252
   Our File No.: 13MVA4035

   Queens County
   89-17 Sutphin Boulevard
   Jamaica, New York 11435

# EXHIBIT "A"

State of New York - Department of State
Division of Corporations

Party Served:                              Plaintiff/Petitioner:
 TARGET CORPORATE SERVICES, INC.            CHONG, ANNE


C/O CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK,  NY 10011


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 12/19/2013 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
 This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                        Very truly yours,
                                     Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
ANNE CHONG,

                                        Plaintiff,

                -against-

TARGET CORPORATION,

                                        Defendant.

-------------------------------------------------------------------X

Index No.: 21917-2013
Date Purchased: 12-2-13

**SUMMONS**

Plaintiff designates Queens
County as the place of trial.

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
31-18 81st Street
East Elmhurst, New York
11370.

County of Queens.

## To the above named Defendant:

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:        Brooklyn, New York
              November 15, 2013

AKIVA OFSHTEIN, ESQ.
OFSHTEIN LAW FIRM, P. C.
Attorneys for Plaintiff(s)
ANNE CHONG
1723 East 12th Street, 4th Floor
Brooklyn, New York 11229
(718) 455-5252
Our File No. 13MVA4035

TO:
TARGET CORPORATION
100 NICOLLET MALL, TPS 2672
MINNEAPOLIS, MINNESOTA 55403



1



S1: S1129080  S2: S1129081
ZONE:          S3: S1129082

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
ANNE CHONG,

                                    Plaintiff,

                    -against-

TARGET CORPORATION,

                                 Defendant.
-------------------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiff, **ANNE CHONG**, by her attorneys, **OFSHTEIN LAW FIRM, P. C.**, complaining of the Defendant herein, respectfully alleges, upon information and belief, as follows:

      1.      That at the time of the commencement of this action, Plaintiff, **ANNE CHONG**, resided in the County of Queens, City and State of New York.

      2.      That the cause of action alleged herein arose in the County of Queens, City and State of New York.

      3.      Upon information and belief, at all times herein mentioned, Defendant, **TARGET CORPORATION**, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

      4.      Upon information and belief, at all times herein mentioned, Defendant, **TARGET CORPORATION**, was and still is a duly authorized foreign corporation doing business in the State of New York with a principal office in Queens County.

      5.      Upon information and belief, at all times herein mentioned, Defendant, **TARGET CORPORATION**, was and still is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York, with a principal office in Queens County.

2

6.     Upon information and belief, at all times herein mentioned, Defendant, **TARGET CORPORATION**, was and still is a duly organized limited partnership existing and doing business under and by virtue of the laws of the State of New York.

7.     Upon information and belief, that prior to and on September 2, 2013, and at all times herein mentioned, **TARGET CORPORATION**, owned the premises located at 8801 Queens Boulevard, County of Queens, City and State of New York.

8.     Upon information and belief, that prior to and on September 2, 2013, and at all times herein mentioned, **TARGET CORPORATION**, was the lessor of the premises located at 8801 Queens Boulevard, County of Queens, City and State of New York.

9.     Upon information and belief, that prior to and on September 2, 2013, and at all times herein mentioned, **TARGET CORPORATION**, was the lessee of the premises located at 8801 Queens Boulevard, County of Queens, City and State of New York.

10.    Upon information and belief, that prior to and on September 2, 2013, and at all times herein mentioned, **TARGET CORPORATION**, operated the premises, including the aisles within the premises located at 8801 Queens Boulevard, County of Queens, City and State of New York.

11.    Upon information and belief, that prior to and on September 2, 2013, and at all times herein mentioned, **TARGET CORPORATION**, controlled the premises, including the aisles within the premises located at 8801 Queens Boulevard, County of Queens, City and State of New York.

12.    Upon information and belief, that prior to and on September 2, 2013, and at all times herein mentioned, **TARGET CORPORATION**, managed the premises, including the aisles within the premises located at 8801 Queens Boulevard, County of Queens, City and State of New York.

13.    Upon information and belief, that prior to and on September 2, 2013, and at all times herein mentioned, **TARGET CORPORATION**, maintained the premises, including the

3

aisles within the premises located at 8801 Queens Boulevard, County of Queens, City and State of New York.

14.     Upon information and belief, that prior to and on September 2, 2013, and at all times herein mentioned, **TARGET CORPORATION**, supervised the premises, including the aisles within the premises located at 8801 Queens Boulevard, County of Queens, City and State of New York.

15.     Upon information and belief, that prior to and on September 2, 2013, and at all times herein mentioned, **TARGET CORPORATION**, had full supervision, care, custody and control of customers/shoppers inside said premises.

16.     Upon information and belief, that prior to and on September 2, 2013, and at all times herein mentioned, **TARGET CORPORATION**, had a duty to supervise its personnel, employees and agents so as to prevent injury to its customers/shoppers, and more specifically, the plaintiff herein.

17.     Upon information and belief, that prior to and on September 2, 2013, and at all times herein mentioned, **TARGET CORPORATION**, its servants, agents and/or employees was and is empowered to maintain, operate, manage, repair, design, control and supervise the aisles and floors at said premises located at 8801 Queens Boulevard, County of Queens, City and State of New York.

18.     Upon information and belief, that at all times herein mentioned, and on the 2nd day September, 2013, and for a period of time prior thereto, it was the duty of the Defendant, **TARGET CORPORATION**, its servants, agents and/or employees of the Defendant to keep the aisles and floors at said premises, in a safe and proper condition for the use of the customers/shoppers, lawfully using the same so that same would not be dangerous to persons lawfully thereat.

19.     That on the 2nd day September, 2013, Plaintiff, **ANNE CHONG**, was lawfully inside Target, located on 8801 Queens Boulevard, Elmhurst, New York.

20.     More specifically, Plaintiff, **ANNE CHONG**, was caused to slip/trip and fall on a

4

liquid substance that had accumulated over time on the floor at the produce department of said Target.

21.     That by reason of the foregoing, plaintiff was caused to be injured as a result of negligent supervision causing severe injuries.

22.     That the foregoing accident and the resulting injuries to the plaintiff, **ANNE CHONG**, were caused solely by reason of the carelessness, negligence and culpable acts and conduct on the part of the Defendant, **TARGET CORPORATION**, its/their agents, servants and/or employees and without any negligence on the part of the plaintiff contributing thereto.

23.     That the defendant, **TARGET CORPORATION**, its agents, servants and/or employees were negligent and careless in the supervision, ownership, maintenance, operation and control of the aforementioned premises; in being negligent, careless and reckless in the supervision, care, custody and control of the customers/shoppers under their control; in failing to properly supervise, care for and control customers/shoppers in their custody including the plaintiff herein; in allowing for the dangerous, hazardous, unsafe and defective condition to exist and remain at said area; in failing to provide adequately for safety of the plaintiff herein; in failing to provide safe passage for the customers/shoppers; in failing to ensure for the safety of the customers/shoppers; in failing to employ competent personnel; in causing allowing, and permitting the premises and more particularly the produce section, be and remain in a dangerous, hazardous, unsafe and defective condition.

24.     That by reason of the foregoing, plaintiff, **ANNE CHONG**, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration; and this plaintiff suffered and in the future will be permanently caused to suffer pain, inconvenience and other sequelae of such injuries; and the plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured for said injuries; plaintiff has suffered and in the future will necessarily suffer additional loss time

5

from employment and/or plaintiff has suffered and in the future will necessarily be unable to pursue usual duties and functions with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

25. That this action falls within one or more of the exceptions set forth in C.P.L.R. 1602.

26. By reason of the foregoing, Plaintiff, **ANNE CHONG**, has been damaged in sum which exceeds the jurisdictional limits of all lower courts.

**WHEREFORE**, Plaintiff, **ANNE CHONG**, demands judgment against the Defendant, **TARGET CORPORATION**, on all causes of action, in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:       Brooklyn, New York
               November 18, 2013

                              Yours, etc.

                              AKIVA OFSHTEIN, ESQ.
                              OFSHTEIN LAW FIRM, P. C.
                              Attorneys for Plaintiff(s)
                              ANNE CHONG
                              1723 East 12th Street, 4th Floor
                              Brooklyn, New York 11229
                              (718) 455-5252

6

## ATTORNEY VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of New York State, states that I am the attorney of record for the infant Plaintiff, ANNE CHONG, in the within action; I have read the foregoing COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters stated to be alleged on information and belief, and as to those matters I believe same to be true.  This verification is made by affirmant because the above-named plaintiff is not within and/or does not maintain a principle place of business in the County of Kings, wherein this office is located.  The grounds of belief as to all matters not stated upon personal knowledge are information contained in the office file, investigation and/or conversations with the above-named plaintiff.

I affirm the foregoing statement is true, under the penalty of perjury.

Dated: Brooklyn, New York
        November 21, 2013

_____
AKIVA OFSHTEIN, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS                              Index No.:
ANNE CHONG,

                              Plaintiff,

              -against-

TARGET CORPORATION,

                              Defendant.

### SUMMONS AND VERIFIED COMPLAINT

# OFSHTEIN LAW FIRM PC
Attorneys for Plaintiff
1723 East 12th Street, 4th Floor
Brooklyn, New York 11229
718.455-5252

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney duly admitted to practice law before the Court of State of New York, certifies that, upon information and belief and reasonable inquiry, the contention contained in an annexed hereto document are not frivolous.*

Dated:
      Signature_____
                                                    Name:

Service of a copy of the within is hereby admitted.

Dated:
      _____
              Attorneys for Plaintiff

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY

that the within is a (certified) true copy of a

entered in the office of the clerk of the within named Court on      ,20

☐  NOTICE OF SETTLEMENT

that an Order of which the within is a true copy will be presented for  settlement to the Hon.

one of the judges of the within named Court, at          on      200__, at      M.

### *AFFIDAVIT OF SERVICE*

STATE OF NEW YORK           )
                           ) SS.:
COUNTY OF NEW YORK          )

VERONICA A. TERPPE , being duly sworn deposes and says:

I am not a party to this action.  I am over eighteen years of age and I am employed by
FISHMAN McINTYRE, P.C., at 44 Wall Street, 12th Floor, New York, New York 10005

On January  /7 , 2014  I served the within **CIVIL CASE INFORMATION SHEET;
RULE 7.1; NOTICE OF REMOVAL** by depositing a true copy thereof in a post-paid wrapper in an
official depository under the exclusive care and custody of the United States Postal Service within New
York State, addressed to each of the attorneys listed below, at their designated or last known addresses set
forth below their names.

Akiya Ofshtein, Esq.
Ofshtein Law Firm, P.C.
Attorneys for Plaintiff(s)
Anne Chong
1723 East 12th Street, 4th Floor
Brooklyn, New York 11229
(718) 455-5252
Our File No.: 13MVA4035

**VERONICA A. TERPPE**

Sworn to before me this
/7 day of January, 2014

MITCHELL B. LEVINE
Notary Public, State of New York
No. 02LE6211316
Qualified in New York County
Commission Expires 9/14/17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANNE CHONG,

                               Plaintiffs,           **Case No.**

        -against-

TARGET CORPORATION,               **RULE 7.1 STATEMENT**

                             Defendants.
------------------------------------------------------------------------X

Defendant, TARGET CORPORATION (hereinafter "Target" or "Defendant"), by and through its attorneys FISHMAN McINTYRE P.C., respectfully state upon information and belief:

Pursuant to Rule 7.1 of the Local Rules of the U.S. District Court for the Southern and Eastern Districts of New York and to enable judges and magistrate judges of the court to evaluate possible disqualification or recusal, the undersigned counsel for Defendant certifies that there are no corporate parents, affiliates and/or subsidiaries of Defendant which are publicly held.

Dated:  New York, New York
        January 17, 2014

                                  Yours etc.,

                                  MITCHELL B. LEVINE (ML 0998)
                                  FISHMAN MCINTYRE LEVINE SAMANSKY P.C.
                                  Attorney for Defendant
                                  TARGET CORPORATION
                                  44 Wall Street, 12th Floor
                                  New York, New York  10005
                                  (212) 461-7190
                                  File No.:  TARN-74-ML

TO:    Akiya Ofshtein, Esq.
        Ofshtein Law Firm, P.C.
        Attorneys for Plaintiff(s)
        Anne Chong
        1723 East 12th Street, 4th Floor
        Brooklyn, New York 11229
        (718) 455-5252
        Our File No.: 13MVA4035