UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANNE CHONG,

                Plaintiff,

                                       **DECISION AND ORDER**
  -against-                                  14-CV-547 (WFK) (JO)

TARGET CORPORATION,

                Defendant.
------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge**

      Anne Chong ("Plaintiff") brought a complaint against Target Corporation ("Defendant") on account of injuries that she sustained when she slipped on a liquid substance and fell to the floor while shopping at a Target store. Dkt. 1, p. 6-10 ("Compl.") at ¶ 20. Defendant now moves for summary judgment, arguing Plaintiff cannot meet her burden to show Defendant had actual or constructive notice of the dangerous condition. Dkt. 17-13 ("Memo for SJ") at 10-17. Plaintiff contests Defendant's argument that Defendant did not have constructive notice. Dkt. 17-15 ("Opp.") at 6-10. For the reasons set forth below, Defendant's motion for summary judgement is DENIED IN PART and GRANTED IN PART.

## BACKGROUND

The following facts are either undisputed or described in the light most favorable to Plaintiff, the non-moving party. *See Capobianco v. City of New York*, 422 F.3d 47, 50 n.1 (2d Cir. 2005).

**Factual History**

Around noon on September 2, 2013, Plaintiff slipped on a liquid substance that had accumulated on the floor while she was shopping at a Target store in Queens, New York. Dkt. 17-2 ("D's 56.1 Statement") at ¶¶ 1-2, 39.[1] Plaintiff's accident occurred just after she entered the store. *Id.* at ¶ 3. Plaintiff only noticed the liquid after she fell. *Id.* at ¶¶ 6-7. Plaintiff did not observe any footprints, cart tracks, or tire tracks in the liquid or around it. *Id.* at ¶¶ 8-10. Neither

---

[1] Plaintiff does not contest Defendant's 56.1 statement paragraphs 1 through 20 and 23 to 56. The only paragraphs in dispute are 21, 22, 57, 58, and 59. Opp. at ¶¶ 1-2.

1

did her twin sister, Bertha Chong, who arrived on the scene after Plaintiff fell. *Id.* at ¶¶ 44-45. Plaintiff and her sister both reported that they had no knowledge as to whether anyone walked in or around the liquid before Plaintiff fell, whether there were people in the area where Plaintiff fell prior to her accident, or whether any of Defendant's employees had walked through the area before Plaintiff's fall. *Id.* at ¶¶ 11-13, 25, 48-49. Further, both women reported they did not know the last time one of Defendant's employees was in the area or inspected the area where Plaintiff fell. *Id.* at ¶¶ 14-15, 49. The women also stated that they did not know how the liquid got on the floor, or how long it was on the floor prior to Plaintiff's fall. *Id.* at ¶¶ 18, 20, 26, 46-47, 52. Nor did either woman observe any debris in the liquid or anything else to indicate how long the liquid had been on the floor, or hear any other customers say anything about the liquid on the floor, how it got there, or how long it had been there. *Id.* at ¶¶ 17, 19, 24, 50-51, 53. There were no lighting issues in the area where Plaintiff fell and were no witnesses to Plaintiff's fall, although there is a security camera video that depicts the area in which Plaintiff fell for thirty minutes before her fall. *Id.* at ¶¶ 4, 23, 55; *see also* Dkt. 17-11 ("Video").

According to Daniel Bradlau, one of Defendant's employees who reported to the scene of Plaintiff's accident, the liquid looked "like a slushy ice drink." D's 56.1 Statement at ¶ 32 (internal quotation marks and citation omitted); *see also* Dkt. 17-10 ("Investigation Report") ("By the look of it, a guest spilled what may have been an ice treat"). Mr. Bradlau also reported that he had been in charge of making sure the store was clean and in good shape that day, and that he had not noticed any slush or ice anywhere on the floor of the store prior to Plaintiff's accident. D's 56.1 Statement at ¶¶ 34-36.

**Procedural History**

Plaintiff originally filed this action in Supreme Court of the State of New York, County of Queens on December 2, 2013. Complaint. On January 27, 2014, Defendant removed this action to the Eastern District of New York on the basis of diversity jurisdiction. Dkt. 1 at 1-2 ("Notice of Removal). On January 13, 2015, Plaintiff filed a supplemental complaint alleging the same facts as the state court complaint. Dkt. 15 ("Supp. Compl."). On May 1, 2015, Defendant moved for summary judgment on the basis that Plaintiff had failed to prove actual or constructive notice of the dangerous condition. Memo for SJ at 10-17.

## DISCUSSION

### I. Legal Standard

A court appropriately grants summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). No genuine issue of material fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001) (quoting *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The moving party must meet its burden by pointing to evidence in the record, including depositions, documents, affidavits, or other materials which it believes demonstrates the absence of a genuine issue of material fact. *See* Fed. R. Civ. P. 56(c)(1)(A), (2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "In determining whether summary judgment is appropriate, [the] Court will construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks and citations omitted). The role of the district court is not to weigh the evidence and determine the

truth of the matter, but rather to perform "the threshold inquiry of whether there is the need for a trial[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

If the moving party fulfills its preliminary burden, the burden shifts to the non-movant to raise the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1). Statements that are devoid of specifics and evidence that is merely colorable are insufficient to defeat a properly supported motion for summary judgment. *See Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. Cnty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008) (citing *Guilbert v. Gardner*, 480 F.3d 140, 145 (2d Cir. 2007)).

**II.   Analysis**

As an initial matter, New York substantive law will govern this instant motion because this is a diversity action based on events occurring in New York. *Casiano v. Target Stores*, 06-CV-6286, 2009 WL 3246836, at *3 (E.D.N.Y. Sept. 24, 2009) (Gershon, J.) Federal law, however, will provide the "standard for deciding whether Target is entitled to summary judgment on that cause of action." *Casierra v. Target Corp.*, 09-CV-1301, 2010 WL 2793778, at *1 (E.D.N.Y. July 12, 2010) (Gleeson, J.). "Under New York law, in order to establish a *prima facie* case of negligence, a plaintiff must show: (1) that the defendant owed the plaintiff a duty of care; (2) that the defendant breached that duty; and (3) that the plaintiff suffered damages as a proximate result of that breach." *Casiano*, 2009 WL 3246836 at *3 (citation omitted). "[T]o prove breach in a slip and fall case, the burden is on the plaintiff to establish that the defendant created the condition which caused the accident, or that the defendant had actual or constructive notice of the condition which caused the fall." *Id.* (citation and internal quotation omitted).

Here, Defendant does not contest that it owed a duty to Plaintiff. The only question on summary judgment is whether Plaintiff has met her initial burden of showing that Defendant had either actual or constructive notice of the condition which caused Plaintiff's injury. Memo for SJ at 10-17; Dkt. 17-16 ("Reply") at 4-8. The Court will address each type of notice in turn.

### A. Whether Defendant had Actual Notice of the Condition

Defendant first moves for summary judgment on the issue of whether Defendant had actual notice of the liquid on the floor. "To constitute actual notice, a plaintiff must prove that the defendant received a report or was otherwise aware of the dangerous condition." *Thaqi v. Wal-Mart Stores E., LP*, 09-CV-755, 2014 WL 1330925, at *4 (E.D.N.Y. Mar. 31, 2014) (Azrack, Mag. J.) (citation omitted). Plaintiff has made no arguments in her opposition to the motion for summary judgment, much less provided any evidence, that Defendant had actual notice of the liquid on the floor before Plaintiff's accident. Therefore, the Court GRANTS Defendant's motion for summary judgment on the question of whether Defendant had actual notice.

### B. Whether Defendant had Constructive Notice of the Condition

Defendant also moves for summary judgment that Defendant did not have constructive notice that the liquid was on the floor before Plaintiff's accident. Memo for SJ at 12-17.

"To establish that a defendant has constructive notice of a dangerous condition, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Thaqi*, 2014 WL 1330925, at *5 (internal quotation marks and citations omitted). "A court must examine the facts of each case . . . to determine whether the plaintiff has proven notice of a dangerous condition at a level of

specificity sufficient to support liability." *Diaz v. Calabrese*, 13-CV-1531, 2014 WL 6883517, at *10 (E.D.N.Y. Dec. 4, 2014) (Ross, J.) (internal quotation marks and citation omitted). "Under New York law, the mere existence of a foreign substance, without more, is insufficient to support a claim of negligence." *Casierra*, 2010 WL 2793778 at *2 (internal quotation marks, brackets, and citation omitted). Evidence that the "condition had been present for a substantial period of time . . . together with testimony that the area where plaintiff fell is subject to regular inspection and cleaning[] is sufficient to allow a finding of constructive notice to defendants." *Giuffrida v. Metro N. Commuter R.R. Co.*, 279 A.D.2d 403, 404 (1st Dep't 2001) (internal citations omitted). Because there has been no allegation from either party that the liquid on the floor was not visible or apparent, the Court will only address whether the liquid was on the floor for a sufficient length of time to permit Defendant's employees to discover it and clean it up.

Plaintiff, in her opposition, misconstrues the burden on the issue of constructive notice and argues that Defendant has failed to prove a lack of constructive notice. Opp. at 6-8. This is incorrect – the burden here is on Plaintiff to provide some evidence to create a genuine dispute of material fact as to whether Defendant had constructive notice. *See Casiano*, 2009 WL 3246836 at *3.

Nonetheless, there are sufficient allegations of fact in the parties' papers and pleadings to create a material issue of fact on the issue of whether Defendant had constructive notice. First, Defendant does not contest that the area in which Plaintiff fell is subject to constant inspection and cleaning by Defendant's employees. Reply at 5; *see also* Dkt. 17-7 ("Bradlau Depo.") at 44-45, 57-60. The only issue of material fact therefore is whether the liquid was present for long enough that one of the employees performing inspections that day should have found it. *See, e.g., Casierra*, 2010 WL 2793778 at *2 ("Successful slip-and-fall plaintiffs meet their burden in

different ways, often by producing circumstantial evidence that the defective condition existed for a period of time before the accident.") (citations omitted); *Giuffrida*, 279 A.D.2d at 404.

Plaintiff argues the liquid was present for some period of time before her fall because, based on a security camera video from the store where Plaintiff fell, "at least several people walked gingerly and carefully in the general area of the identified aisle where Plaintiff fell" in the thirty minutes prior to Plaintiff's fall. Opp. at ¶ 57. Defendant argues, based on the same video, the liquid on which Plaintiff slipped fell on the floor only twenty-two seconds before Plaintiff's fall. Memo for SJ at 15-16. The video in question captures the area in which Plaintiff fell for thirty minutes before her fall. *See* Video. In those thirty minutes, three hundred people walk through the area, including five employees of Defendant. *Id.*; *see also* Memo for SJ at 15. Then, twenty-two seconds before Plaintiff's accident, a woman and two small children walk through the area, the little boy could be understood to act as though he dropped something, and then the little girl falls. Video. Defendant argues this video proves that the little boy dropped the liquid on the floor only twenty-two seconds before Plaintiff's accident. Memo for SJ at 15-16.

Defendant's argument, however, goes too far. As Plaintiff points out, it is not clear from the video exactly what the little boy did. Opp. at 9. Plaintiff presents two stills taken from the video to support her argument that the video is unclear as to whether the little boy dropped something and, if he dropped something, whether it landed in the space where Plaintiff fell, especially given that Mr. Bradlau noted, and a photo submitted by Defendant shows, the liquid was only present on one tile on the floor. *See id.* at Ex. 1, 2; D's 56.1 Statement SJ at ¶ 33; Dkt. 17-11 (photo of liquid on which Plaintiff slipped). Further, it is not clear from the video that the liquid was not present during the period before the little boy's arrival and all of the other patrons

7

simply got lucky and did not step on it. Opp. at 9-10. The video, therefore, does not prove the liquid can to be on the floor only twenty-two seconds before Plaintiff's fall.

Accordingly, whether the liquid was on the floor for a significant period of time prior to Plaintiff's fall is a material issue of fact that still remains to be determined by a jury. This is not to say that a motion for a directed verdict at the end of Plaintiff's case at trial might not lie, but only to find that sufficient issues as to the length of time that the liquid was on the floor have been raised to preclude a grant of summary judgment in Defendant's favor at this time. Therefore, the Court DENIES Defendant's motion for summary judgment on the question of whether Defendant had constructive notice.

## CONCLUSION

Accordingly, on the basis of the record and law as set forth above, the Court GRANTS the Defendant's motion for summary judgment on the issue of actual notice, and DENIES the Defendant's motion for summary judgment on the issue of constructive notice. Trial in this action will be scheduled as soon as the parties have confirmed that discovery has been completed.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May 12 2015
Brooklyn, New York